UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

RAYFORD KNIGHT,

                Petitioner,                              **MEMORANDUM
AND ORDER**

    -against-                                         06 CV 6581 (CBA)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------X

**AMON, United States District Judge:**

On November 20, 2006, Rayford Knight, proceeding *pro se*, filed this action seeking the return of property pursuant to Federal Rule of Criminal Procedure 41(g).[1] On February 9, 2007, Knight filed an amended motion seeking the return of $41 million in cash and property. Petitioner and respondent have both moved for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, respondent's motion for summary judgment is granted, petitioner's motion for summary judgment is denied, and petitioner's action seeking the return of property is dismissed with prejudice.[2]

## Background

---

[1] A motion seeking the return of such property pursuant to Federal Rule of Criminal Procedure 41(g) that is filed after the conclusion of criminal proceedings, as here, is treated as a claim for civil equitable relief. See Boero v. Drug Enforcement Admin., 111 F.3d 301, 303 n.1 (2d Cir. 1997) (construing movant's submission as a civil claim where criminal proceedings were no longer pending); Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir. 1992) ("[w]here criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint"), *overruled on other grounds by* Polanco v. United States Drug Enforcement Admin., 158 F.3d 647, 651 (2d Cir. 1998) Fed. R. Crim. P. 41(e) was redesignated Fed. R. Crim. P. 41(g) without substantive change effective December 1, 2002. See Fed. R. Crim. P. 41 Advisory Committee Note to the 2002 amendments.

[2] The Court's prior order referring petitioner's and respondent's summary judgment motions to the Honorable Lois Bloom, United States Magistrate Judge, is hereby vacated.

Petitioner Rayford Knight ("Petitioner" or "Knight"), a federal prisoner currently incarcerated at the Federal Medical Center in Rochester, Minnesota, commenced this action seeking the return of "personal property illegally seized without jurisdiction ... after he was incarcerated." <u>See</u> Petitioner's Amendment to Petition to Return Personal Property at 1. Specifically, Knight seeks "personal property in the amount of 41 million dollars in cash, trucks and trailers." <u>Id.</u> at 3. Knight argues that he is entitled to the property because "no charges nor offense [was] committed in the State of New York" and "the charges were terminated in the District of Maryland." <u>See</u> Petitioner's Motion for Summary Judgment at 2-3. Contrary to Knight's assertion in the instant action, he was convicted and sentenced in the District of Maryland on August 31, 1994, and he is currently in federal custody pursuant to that conviction. <u>See</u> Mulry Decl., Exh. A, at ¶ III.

On June 1, 1999, Knight filed a complaint in this Court—<u>Knight v. United States</u>, No. 99 CV 3099 (CBA)—seeking the return of 41 million dollars, the value of "199 kilograms of a substance know[n] as 'Cocaine Hydrochloride.'" <u>See</u> Complaint, No. 99 CV 3099 at 1-2. In that action, Knight admits that he was "convicted in the United States District Court for the Eastern District of Maryland, Case No. Cr-93-22-L and that he was sentenced to 292 months imprisonment ... [on] August 31, 1994." Complaint, No. 99 CV 3099 at 3, ¶ III. By Order dated June 25, 1999, the Court dismissed the complaint seeking "compensation of [$41 million] for the seized contraband which ultimately resulted in his conviction and imprisonment" as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). <u>Knight</u>, No. 99 CV 3099, slip op. at 2-4.

**<u>Standard of Review</u>**

A.      Pro Se Prisoner's Pleadings

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, under 28 U.S.C. § 1915(e)(2), the Court must dismiss "at any time" a complaint filed *in forma pauperis* "if the court determines that ... the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." As Petitioner is proceeding *pro se*, the Court is obliged to construe his pleadings liberally and interpret Petitioner's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

B.      Summary Judgment

A moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). The Court's role in assessing the merits of a summary judgment motion is not to try the issues of fact, but rather to "'determine whether there *are* issues of fact to be tried.'" Sutera v. Schering Corp., 73 F.3d 13, 16 (2d Cir. 1995) (quoting Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238, 244 (2d Cir.1984)) (emphasis in original).

The United States moves for summary judgment arguing that this action is barred by *res*

*judicata* "because the same 41(g) motion was previously dismissed by this Court, and the dismissal was affirmed on appeal to the Court of Appeals."³ See Respondent's Memorandum of Law at 1. In his opposition, Knight makes the same arguments as in his original motion, amended motion and summary judgment motion, *i.e.*, that there was no jurisdiction to seize the property because he was not convicted in the State of New York and that his District of Maryland conviction was terminated. See Petitioner's Motion in Reply to Motion to Dismiss at 3-4. Knight's only new contention is that the "199 kilograms of cocaine hydrochloride is at the sum of 5 million dollars and this leaves 36 million dollars in cash, trucks and trailers outstanding which were illegally seized by the respondent from the movant which is sought to be returned promptly." Id. at 3.

## Discussion

A.    Doctrine of Res Judicata

Under the doctrine of *res judicata*, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); see also Legnani v. Alitalia Linee Aeree Italiane, S.p.A., 400 F.3d 139, 141 (2d Cir. 2005). Once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent

---

³Moreover, while not raised by respondent in its brief, the Court notes that this claim is almost certainly time barred. The statute of limitations on a civil claim for return of property pursuant to Rule 41(g) is the catch-all six year statute of limitations for civil actions against the federal government provided by 28 U.S.C. § 2401(a). See Bertin v. United States, 478 F.3d 489, 492-93 (2d Cir. 2007). "[T]he cause of action accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property." Id. at 493. In this case, Knight was sentenced in the relevant criminal proceeding on August 31, 1994 and it presumably became final shortly thereafter, around 12 years before this claim was filed on November 20, 2006.

4

litigation by the same parties or those in privity with them concerning the transactions out of which the first action arose. Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997). It is well-settled that where a second action involves a transaction that was at issue in a prior litigation between the parties, "[r]es judicata ... prevents a party from litigating any claim which *could* have been raised in the previous suit, even if it was not actually raised or decided." Toro v. Depository Trust Co., No. 97 CIV 5383(SAS), 1997 WL 752729 at *3 (S.D.N.Y. Dec. 4, 1997) (emphasis in original); see also Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) ("[T]he question is whether the claim was sufficiently related to the claims that were asserted in the first proceeding that it *should have been* asserted in that proceeding."); Com Cor Holding, Inc. v. F.A. Tucker Transmission Co., No. 93 Civ. 8440(MBM), 1998 WL 283348 at *3 (S.D.N.Y. June 1, 1998) ("This preclusive effect extends not only 'to every matter which was offered and received to sustain or defeat the claim or demand, but [also] to any other admissible matter which might have been offered for that purpose.'" (quoting Nevada v. United States, 463 U.S. 110, 130 (1983)) (alteration in original)). For instance, "claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir.2002) (internal quotations omitted).

Knight filed a complaint seeking $41 million in property against the United States on June 1, 1999. See Knight, No. 99 CV 3099 (CBA). This Court rendered a final judgment on the merits concluding that the action was frivolous because Knight was seeking the return of $41 million, the fair market value of the cocaine that was seized by the Government as contraband. The United States Court of Appeals for the Second Circuit affirmed the dismissal of the complaint. Knight v. United States, 205 F.3d 1323 (2d Cir. 2000) (unpublished opinion). In this case, Knight seeks the return of $41 million worth of property stemming from the same seizure,

albeit in cash, trucks and trailers in addition to the contraband. This claim is clearly based on the same transaction as was the prior action. Knight offers no reason as to why he failed to specifically mention the cash, trucks, and trailers in the prior action. His claim does not avoid the res judicata defense simply because he has alleged that slightly different property (of the exact same value) was taken during the exact same seizure that was the subject of the prior action. Thus, the instant claim to relitigate the seizure of $41 million worth of property is barred by the doctrine of res judicata.

## **Conclusion**

Accordingly, The United States' summary judgment motion is GRANTED. Knight's summary judgment motion is DENIED. Knight's motion seeking the return of property, liberally construed as a civil action, is dismissed with prejudice as barred by *res judicata*. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated:     Brooklyn, New York
           September 6, 2007

                                            Carol Bagley Amon
                                            United States District Judge